UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QUINTIN SCOTT,<br>     Petitioner, | Case No. 1:12-cv-118 |
| vs. | Bertelsman, J.<br>Bowman, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>     Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition and respondent's return of writ with exhibits.  (Docs. 1, 6).

**I.  PROCEDURAL HISTORY**

### State Trial Proceedings

In May 2009, the Hamilton County, Ohio, grand jury returned an indictment against petitioner and a co-defendant.  (*See* Doc. 6, Ex. 1).  The indictment charged petitioner with one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) (Count 1); one count of robbery in violation of Ohio Rev. Code  § 2911.02(A)(2) (Count 2); two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2) (Counts 3-4); and one count of having weapons while under disability in violation of Ohio Rev. Code  § 2923.13(A)(3) (Count 5).  (*Id.*).  Petitioner was also charged with firearm specifications attached to the aggravated robbery count (Count 1) and one of the felonious assault counts (Count 3).  (*Id.*).

The matter proceeded to trial before a jury, which found petitioner guilty as charged. (*See id.*, Ex. 3).  After a sentencing hearing, the trial court issued a Judgment Entry on December

7, 2009, sentencing petitioner to an aggregate prison term of thirty-four (34) years, which consisted of the following consecutive terms of imprisonment: ten (10) years for the aggravated robbery offense charged in Count 1; three (3) years on a firearm specification attached to Count 1; eight (8) years for the felonious assault offense charged in Count 3; eight (8) years for the felonious assault offense charged in Count 4; and five (5) years for the weapons offense charged in Count 5.[1] (*Id.*, Ex. 4).

## State Appeal Proceedings

With the assistance of new counsel for appeal purposes, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. (Doc. 6, Ex. 5). In the appellate brief filed by counsel on petitioner's behalf, petitioner raised the following assignments of error:

1. The trial court erred as a matter of law by overruling appellant's motion to strike and/or motion for mistrial based upon the State failing to disclose a statement made by appellant prior to trial.

2. Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial.

3. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions for aggravated robbery, robbery, felonious assault and having weapons under disability.

4. The trial court erred as a matter of law by improperly sentencing appellant.

(*Id.*, Ex. 6). Petitioner specifically claimed in the fourth assignment of error that the imposition of consecutive sentences was improper under the Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160 (2009). (*Id.*, p. 12).

On September 17, 2010, the Ohio Court of Appeals issued a Judgment Entry overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.*, Ex. 8).

Assisted by new counsel from the Ohio Public Defender's Office, petitioner next pursued a timely appeal to the Ohio Supreme Court. (*See id.*, Ex. 9). In the memorandum in support of

---

[1] It is noted that the trial court merged the robbery count (Count 2) with the aggravated robbery charge (Count 1), as well as the firearm specifications, for the purpose of sentencing. (*See* Doc. 6, Ex. 4).

jurisdiction filed by counsel on petitioner's behalf, petitioner asserted the following claim as the sole proposition of law:  "Before imposing consecutive sentences, Ohio trial courts must make the findings of fact specified by R.C. 2929.14(E)(4) in order to overcome the presumption favoring concurrent sentences in R.C. 2929.41(A)."  (*Id.*, Ex. 10).

On January 19, 2011, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question."  (*Id.*, Ex. 12).

## Federal Habeas Corpus

In February 2012, the instant habeas corpus action commenced.  In his petition, executed on January 13, 2012, petitioner presents the following grounds for relief:

**Ground One:**  5th 6th and 14th Amendments violation of the Constitution.

**Supporting Facts:**  Denied due process and equal protection rights to have a fair trial. . . .  The trial court erred as a matter of law by overruling petitioner['s] motion to strike and/or motion for mistrial based upon the State failing to disclose a statement made by petitioner prior to trial.

**Ground Two:**  5th 6th and 14th Amendments violation of the Constitution.

**Supporting Facts:**  Petitioner was denied effective assistance of counsel in violation of his constitutional right to a fair trial, which prejudice[d] his defense.

**Ground Three:**  5th 14th Amendments violation of the Constitution.

**Supporting Facts:**  Petitioner was denied the right to a fair trial when the insufficient evidence was submitted at trial, and was not prove to the elements beyond a reasonable doubt, the jurors didn't consider whether petitioner conduct was recklessness in commit the offense.  [sic]

**Ground Four:**  5th 6th and 8th 14th Amendments violation of the Constitution.

**Supporting Facts:**  Trial court[] denied petitioner due process and equal protection against cruel and unusual punishment when imposing consecutive sentencing, wrongfully give sentence without considering c[oncurrent] sentence, trial court erred as a matter of law.  [sic]

(Doc. 1, pp. 5-6, 8).

Respondent has filed a return of writ addressing petitioner's claims. (Doc. 6). Respondent argues that petitioner has waived the claims alleged in Grounds One through Three of the petition "due to his failure to present them as propositions of law in his appeal on discretionary review to the Ohio Supreme Court." (*Id.*, Brief, p. 7).  Respondent further contends that petitioner has not demonstrated he is entitled to relief based on the merits of the claim alleged in Ground Four of the petition. (*Id.*, pp. 10-11).

## II.  OPINION

### A.  Petitioner Procedurally Defaulted And Has Waived The Claims Alleged In Grounds One Through Three Of The Petition

In Grounds One through Three of the petition, petitioner raises the same issues that he presented in his first three assignments of error on direct appeal to the Ohio Court of Appeals. (*See* Doc. 1; Doc. 6, Ex. 6). Respondent contends in the return of writ that petitioner has waived these claims because he failed to assert them as propositions of law on further appeal to the Ohio Supreme Court. (Doc. 6, Brief, p. 7). Respondent's argument has merit.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based

review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If it is determined that the petitioner procedurally defaulted his claims in the state courts, federal habeas review is precluded unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

Here, as respondent has argued, petitioner did not satisfy the fair presentation requirement and, therefore, has procedurally defaulted the claims alleged in Grounds One through Three of the petition.  Although petitioner raised the claims as assignments of error on direct appeal to the Ohio Court of Appeals, he committed a procedural default because he failed to re-assert them as propositions of law on further appeal to the Ohio Supreme Court.  (*See* Doc. 6, Exs. 6, 10).  Because petitioner thus failed to present the state's highest court with an opportunity to correct the errors alleged in Grounds One through Three of the petition, he has waived the claims unless he demonstrates cause for and prejudice from his procedural default or that failure to consider the claims will result in a "fundamental miscarriage of justice."  *See, e.g., Coleman,* 501 U.S. at 750; *Murray,* 477 U.S. at 485.

Petitioner has not shown that failure to consider his claims for relief will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent."  *See Murray,* 477 U.S. at 495-96; *see also*

5

*Schlup v. Delo,* 513 U.S. 298, 327 (1995).  Although petitioner has challenged the sufficiency of evidence supporting his convictions, actual innocence means factual innocence, not mere legal insufficiency.  *See House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *Wright v. Lazaroff*, 643 F. Supp.2d 971, 989 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011).

Petitioner also has not demonstrated cause for his procedural default in the state courts. Petitioner has not provided any justification for his failure to present the claims alleged in Grounds One through Three to the Ohio Supreme Court.  Even if petitioner had argued that cause exists because the attorney who represented him in the appeal to the state's highest court was ineffective, such an argument would be unavailing.  Although it is well-settled that appellate counsel's ineffectiveness may constitute cause for a procedural default occurring in an appeal as of right to the Ohio Court of Appeals, *see Murray,* 477 U.S. at 488-89, even attorney error amounting to ineffective assistance cannot constitute cause "where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal." *Tanner v. Jeffreys,* 516 F. Supp.2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh,* 240 F. Supp.2d 708, 714 (N.D. Ohio 2002), in turn citing *Coleman,* 501 U.S. at 751-53); *see also Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987); *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982); *Ross v. Moffitt,* 417 U.S. 600, 616 (1974).  *Cf. Mittower v. Warden, Chillicothe Corr. Inst.,* No. 1:10cv750, 2011 WL 7719697, at *4 (S.D. Ohio Oct. 18, 2011) (Litkovitz, M.J.) (Report & Recommendation) (and Ohio district court cases cited therein, which all held that because the right to effective assistance of counsel does not extend beyond the first appeal as of right to a discretionary appeal, the habeas petitioner was unable to establish cause for his procedural default by arguing that his counsel on discretionary appeal to the Ohio

6

Supreme Court was ineffective for failing to raise all the claims of error that had been presented to the Ohio Court of Appeals), *adopted*, 2012 WL 1340314 (S.D. Ohio Apr. 17, 2012) (Spiegel, S.J.).[2] Because the claims alleged in Grounds One through Three were raised by counsel on appeal to the Ohio Court of Appeals and the default occurred in the discretionary appeal to the Ohio Supreme Court, petitioner is unable to prevail on any claim that counsel's ineffectiveness constitutes cause in this case.

Accordingly, in sum, the undersigned concludes that petitioner procedurally defaulted and has waived the claims alleged in Grounds One through Three of the petition in the absence of a showing of cause for his default in the state courts or that a fundamental miscarriage of justice will occur if the defaulted claims for relief are not considered herein. Therefore, Grounds One, Two and Three of the petition are subject to dismissal with prejudice because they are procedurally barred from review in this federal habeas proceeding.

### B. Petitioner Is Not Entitled To Relief Based On The Claim Alleged In Ground Four Challenging His Consecutive Sentences

In Ground Four of the petition, petitioner alleges, as he claimed on appeal to both the Ohio Court of Appeals and Ohio Supreme Court, that the consecutive terms of imprisonment imposed in this case were improper in light of the Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160 (2009), which was decided in January 2009, months before petitioner's sentencing hearing was held in November 2009. (*See* Doc. 1, p. 6; *see also* Doc. 6, Ex. 6, p. 12 & Ex. 10).

As background, prior to *Ice*, the Ohio Supreme Court had ruled in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), that portions of Ohio's sentencing statutes, including the provision requiring the trial judge to make certain findings before imposing consecutive sentences, violated

---

[2]*Contrast Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433-35 (6th Cir. 2006) (holding that the constitutional right to effective assistance of counsel during a direct appeal as of right does "not terminate the moment the court of appeals hands down its decision," but extends to include the duty of informing one's client of the outcome of the proceeding; such a claim of ineffectiveness on the part of petitioner's appellate counsel is not raised in the instant proceeding).

the defendant's Sixth Amendment right to a jury trial under the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004). To remedy the constitutional defects, the *Foster* court severed the unconstitutional provisions and held, among other things, that the trial court had "full discretion" to impose consecutive prison terms without making findings or giving reasons for its decision. *Foster,* 845 N.E.2d at 497-99. Nearly three years later, in *Ice*, the Supreme Court upheld the constitutionality of Oregon's sentencing statute, which like Ohio's pre-*Foster* statute, required the trial judge to make factual findings prior to imposing consecutive sentences. In so ruling, the Court reasoned that the imposition of consecutive sentences does not implicate constitutional concerns under the Sixth Amendment. *See Ice*, 555 U.S. at 167-69.

In this case, petitioner essentially contends that the Supreme Court's ruling in *Ice* effectively mandated reinstatement of the pre-*Foster* provisions requiring judicial fact-finding, which were never repealed by the Ohio General Assembly. Therefore, it is petitioner's position that the trial court erred by failing to make the specified findings of fact before imposing the consecutive prison terms during sentencing.

The Ohio Court of Appeals, which was the only state court to issue a reasoned decision rejecting petitioner's claim of error, held that "any reexamination of the *Foster* decision, following the United States Supreme Court's decision in *Oregon v. Ice*, can only be undertaken by the Ohio Supreme Court" and that, until such time, the courts were precluded from "depart[ing] from the Ohio Supreme Court's pronouncements in *Foster*." (Doc. 6, Ex. 8, p. 4). In re-asserting the claim on further appeal to the Ohio Supreme Court, petitioner's counsel pointed out that the same issue had been presented in another case then pending before the state's highest court. (*See id.*, Ex. 10). Counsel argued that the Ohio Supreme Court should, therefore, also accept petitioner's case "and hold its decision pending its opinion" in the other case. (*Id.*).

The other pending case cited by counsel in the jurisdictional memorandum was *State v.*

8

*Hodge*, 2009-1997. (*See id.*). On December 29, 2010, the Ohio Supreme Court issued a decision in that case, holding that "*Ice* does not revive the disputed statutory provisions and that defendants who were sentenced by trial judges [pursuant to *Foster*] are not entitled to resentencing." *State v. Hodge,* 941 N.E.2d 768, 770 (Ohio 2010), *cert. denied*, 131 S.Ct. 3063 (2011). In so ruling, the *Hodge* court provided the following summary of its reasoning:

> *Ice*'s impact on Ohio law is collateral. Our decision in *Foster* was not on direct appeal in *Ice* and *Ice* did not directly overrule *Foster*. Nearly five years have passed since *Foster* definitively and unequivocally severed the consecutive-sentencing sections, along with other provisions, from the statutory sentencing framework, and ordered resentencing for those defendants whose cases were then on direct appeal.
>
> Numerous defendants have received consecutive sentences that have met all constitutional requirements from trial court judges acting in reliance on *Foster* . . . and other precedents. Considering also that (1) judicial fact-finding is not constitutionally required in order to impose consecutive sentences, (2) none of our precedents have given notice to the General Assembly that provisions of the Revised Code that have been held unconstitutional and have been severed would be revived, perhaps many years after their enactment and subsequent invalidation, and (3) other considerations against revival strongly outweigh the considerations in favor of revival, we reject the concept of automatic revival under the circumstances presented here.
>
> For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, . . . which were held unconstitutional in *State v. Foster*. Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

*Id.* at 777. Thereafter, in January 2011, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal filed in this case, presumably in light of its decision in *Hodge*. (*See* Doc. 6, Ex. 12).

As a threshold matter, given that the Supreme Court explicitly held in *Ice* that the imposition of consecutive sentences does not implicate constitutional concerns under the Sixth Amendment, petitioner's claim challenging the consecutive sentences imposed in this case raises

9

a state-law issue only, which does not give rise to a cognizable ground for federal habeas relief. In *Ice*, the Supreme Court emphasized that the choice whether to impose sentences consecutively or concurrently is a matter that has historically rested "exclusively" with the sentencing judge and, moreover, that "the prevailing practice" of judges has been the "imposition of consecutive, rather than concurrent, sentences." *Ice*, 555 U.S. at 168-69. Although the *Ice* Court recognized that legislatures in states like Ohio and Oregon subsequently enacted "statutory protections meant to temper the harshness of the historical practice" favoring consecutive sentences, the Court also made it clear that the state-created protections do not trigger constitutional concerns, but rather fall within the "authority of States over the administration of their criminal justice systems," which "lies at the core of their sovereign status." *Id.* at 169-70. Indeed, as the Court further stated in pertinent part:

> *All agree that a scheme making consecutive sentences the rule, and concurrent sentences the exception, encounters no Sixth Amendment shoal. To hem in States by holding that they may not equally choose to make concurrent sentences the rule, and consecutive sentences the exception, would make scant sense. Neither Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000),] *nor our Sixth Amendment traditions compel straitjacketing the States in that manner.*

*Id.* at 171 (emphasis added).

In this federal habeas case, the Court has jurisdiction to review petitioner's claim only to the extent that petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran,* __ U.S. __, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Because habeas review is limited to claims implicating federal concerns, this Court lacks jurisdiction to consider petitioner's claim to the extent that petitioner contends that, as a matter of state law, he was "entitled" under Ohio's pre-*Foster* sentencing statute to

10

concurrent sentences absent certain specified fact-findings by the sentencing court, which were not made in this case. *Cf. Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (holding that a claim challenging the state prisoner's aggregate prison sentence "involves a matter of state law," which "is not cognizable in a federal habeas corpus proceeding").

In any event, the Ohio Supreme Court's decision in *Hodge* undermines any argument by petitioner that he was denied due process or equal protection because the sentencing court erred under state law in failing to apply the pre-*Foster* sentencing provisions governing consecutive sentencing in light of *Ice*. In *Hodge*, the state's highest court explicitly ruled that *Ice* did not revive Ohio's pre-*Foster* consecutive-sentencing statutory provisions, and, therefore, "trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Hodge*, 941 N.E.2d at 777.

In addition, petitioner is unable to prevail on any claim that he was denied due process or equal protection because post-*Ice* amendments to Ohio's sentencing statute have retained the pre-*Foster* excised provisions, thereby reviving the requirement of judicial fact-finding before consecutive sentences may be imposed. The Ohio Supreme Court made it clear that such an argument is unavailing when it reversed, on the authority of *Hodge*, an appellate court decision holding that the Ohio General Assembly had reenacted the pre-*Foster* provision when it amended the statute on April 7, 2009, and that therefore "a sentencing judge, pronouncing a sentence after April 7, 2009, must again, as before *Foster*'s release, make certain findings of fact before imposing consecutive sentences on a defendant." *See State v. Jordan,* 943 N.E.2d 565, 566 (Ohio 2011), *reversing* No. 2009-T-0110, 2010 WL 4215705, at *3-4 (Ohio Ct. App. Oct. 22, 2010); *see also State v. Dohm,* No. 2009-L-076, 2011 WL 861159, at *5 (Ohio Ct. App. Mar. 11, 2011), *appeal dismissed*, 949 N.E.2d 1005 (Ohio 2011). As an Ohio intermediate appellate

11

court explained in following the Ohio Supreme Court's ruling in *Jordan* in an analogous case, "only an affirmative reenactment of the excised sentencing provisions will cause their revival," and "the mere act of reprinting those sections as part of amendments to other provisions does not constitute such a reenactment." *State v. Ruby*, No. S-10-028, 2011 WL 4424295, at *7 (Ohio Ct. App. Sept. 23, 2011).

This Court "must defer to and is bound by the Ohio Supreme Court's rulings in *Hodge* and *Jordan* 'as defining state law' governing post-*Foster* consecutive sentencing decisions." *See Mittower v. Warden, Chillicothe Corr. Inst.*, No. 1:10-cv-750, 2011 WL 7719697, at *5-6 (S.D. Ohio Oct. 18, 2011) (Litkovitz, M.J.) (Report & Recommendation) (in rejecting a habeas petitioner's "cause" argument for excusing a procedural default, which allegedly stemmed from the Supreme Court's intervening *Ice* decision, the court reasoned that it was bound by the Ohio Supreme Court's decisions in *Hodge* and *Jordan*, which "undermines any argument by petitioner that the pre-*Foster* provisions apply to him"), *adopted*, 2012 WL 1340314 (S.D. Ohio Apr. 17, 2012) (Spiegel, S.J.); *cf. West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 236 (1940); *see also Hicks v. Feiock,* 485 U.S. 624, 629-30 & n. 3 (1988) (applying *West* standard in federal habeas case). Therefore, petitioner is unable to prevail on any claim that he was denied due process or equal protection in this case. *Cf. Ahmed v. Hall*, No. 1:09cv624, 2011 WL 2970945, at *3-4 (N.D. Ohio July 20, 2011) (adopting a Report and Recommendation to deny a motion to amend a habeas petition to add a claim challenging the imposition of consecutive sentences under *Foster* in light of *Ice*, after finding the Ohio Supreme Court's *Hodge* decision "[m]ost damaging to Ahmed's dependency upon *Ice* to support his entitlement theory").

Finally, petitioner has alleged in his habeas petition that the trial court's imposition of consecutive sentences constitutes cruel and unusual punishment under the Eighth Amendment. (*See* Doc. 1, p. 6). As discussed above in addressing the procedurally defaulted claims alleged in

Grounds One through Three of the petition, it appears that the Eighth Amendment claim is procedurally barred from review by this Court, because petitioner never raised the constitutional issue to the state courts when challenging his sentence. In any event, petitioner has not demonstrated that he is entitled to relief based on such a claim.

It is well-established under the applicable Supreme Court precedents that the Eighth Amendment contains a "narrow proportionality principle," which "'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are grossly disproportionate to the crime.'" *See Graham v. Florida*, __ U.S. __, 130 S.Ct. 2011, 2021 (2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 997, 1000-01 (1991) (Kennedy, J., concurring in part and concurring in judgment)) (internal quotation marks contained within quoted language omitted); *see also United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011) (and Supreme Court cases cited therein). "A defendant challenging his sentence under the Eighth Amendment has a tremendously difficult burden to meet," given that "[i]n the last century, the Supreme Court has struck down only a handful of non-capital sentences under the Eighth Amendment, and those cases have been egregious in the extreme." *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir.) (holding that a "ten-year sentence for attempting to entice a minor into sexual relations raises no inference that it is 'grossly disproportionate'" under the Eighth Amendment), *cert. denied*, 131 S.Ct. 2975 (2011).

Here, petitioner has not shown that the consecutive terms of imprisonment imposed in this case were so egregious that they amount to cruel and unusual punishment. Indeed, as the Supreme Court pointed out in *Graham*, the Supreme Court has "rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs" under a three-strikes recidivist sentencing statute, and has "also upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses, . . . and a

13

sentence of 40 years for possession of marijuana with intent to distribute and distribution of marijuana." *Graham*, 130 S.Ct. at 2021-22 (citing *Ewing v. California*, 538 U.S. 11 (2003); *Lockyer v. Andrade,* 538 U.S. 63 (2003); *Rummel v. Estelle*, 445 U.S. 263 (1980); *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam)). The Supreme Court cases cited in *Graham* all posed much closer questions of proportionality between crime and sentence than the case-at-hand, involving separate sentences within the statutory range for three violent felonies and a weapons offense.

  Accordingly, in sum, the undersigned concludes that petitioner's state-law claim challenging the imposition of consecutive sentences in the absence of judicial fact-finding is not cognizable in this habeas proceeding. In addition, petitioner has not demonstrated that the sentences imposed in this case for aggravated robbery with firearm specification, two separate felonious assault offenses, and a weapons-under-disability offense trigger constitutional concerns under the Eighth Amendment or the Fourteenth Amendment's Due Process and Equal Protection Clauses. Therefore, petitioner's claim in Ground Four of the petition challenging his aggregate 34-year prison sentence should be denied with prejudice because it lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

  1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

  2. A certificate of appealability should not issue with respect to the claims alleged in Grounds One through Three of the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find

it debatable whether this Court is correct in its procedural ruling.³  A certificate of appealability also should not issue with respect to the non-defaulted claim alleged in Ground Four of the petition in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further."  See *Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

     3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                              /s/ *Stephanie K. Bowman*
                              United States Magistrate Judge

---

³Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of the defaulted grounds for relief.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

QUINTIN SCOTT,  
    Petitioner,

Case No. 1:12-cv-118

vs.

Bertelsman, J.  
Bowman, M.J.

WARDEN, SOUTHERN OHIO  
CORRECTIONAL FACILITY,  
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc